474 P.2d 731

The STATE of Utah, Plaintiff and Respondent,

v.

James B. ANGELOS, Jr., Defendant and Appellant.

No. 11712.

Supreme Court of Utah.

Sept. 25, 1970.

Walter R. Ellett, Murray, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, David A. Goodwill, Asst. Attys. Gen., Salt Lake City, for plaintiff and respondent.

TUCKETT, Justice.

The defendant was convicted of the crimes of burglary in the second degree and grand larceny in the court below and he is here seeking a reversal.

During the early morning hours of October 4, 1968, a police officer was dispatched to a building occupied by Monroe International Company in Salt Lake City. Upon arrival the officer observed a Buick automobile parked in front of the establishment occupied by one person, and he also observed a person in the building. The officer attempted to apprehend the person in the building, but he escaped. Upon returning to the automobile the officer found the defendant behind the steering wheel with the motor running. Within the vehicle were found several business machines which were identified as property belonging to Monroe International Company. One of the machines was found on the front seat and another on the floor forward of the front seat. After another police officer had arrived at the scene a search of the automobile revealed a number of tools in the glove compartment of the automobile, one of which was a screwdriver with a segment broken from the blade. A segment of metal was found near the doorway to the establishment which fitted into the space of the blade of the broken screwdriver. There were marks on the door and the door frame which would indicate that entrance to the building had been gained by prying the door apart from the frame and releasing the bolt.

The defendant testified in his own behalf to the effect that on the evening prior to the date of the alleged crime he had gone to a tavern where he met Neil Warath, the codefendant. During the evening the defendant and Warath consumed a considerable amount of beer and whiskey and about midnight the defendant became ill and asked Warath to take him home. They left the tavern in Warath's automobile and the defendant testified that he fell asleep and was unaware of any unusual occurrence until he heard two shots fired by the officer in an attempt to apprehend the man fleeing from the building occupied by Monroe International Company. The defendant also testified that he and Warath had not discussed committing the crimes nor was he aware of the fact that Warath had removed the business machines from the building.

The defendant's chief claim of error before this court is that the evidence is insufficient to show his guilt beyond a reasonable doubt. In this connection, the defendant contends that at most the evidence shows his presence at the scene of the crime but fails to show his participation in the alleged criminal acts. The police officers who observed the defendant at the scene of the crimes testified that in their opinions the defendant was not so intoxicated as to be unaware of what was going on around him. The members of the jury were under no obligation to accept the defendant's testimony as true and the facts as recited above are sufficient to support the verdict of the jury that the defendant was guilty of burglary and grand larceny as charged in the information.

The defendant further contends that the instructions of the court were erroneous in certain particulars. The court instructed the jury in effect that all persons concerned in the commission of a crime, whether they directly commit the act constituting the offense, or aid and abet in its commission, are principals in any crime so committed. The defendant urges that this instruction would only tend to confuse the jury inasmuch as there was no evidence of record to indicate that he aided or abetted in the commission of the offenses or that he advised or encouraged their commission. The language of the instruction followed closely the intent and meaning of the statute defining principals [1] and accessories and we perceive no error in giving the instruction in question.

A careful review of the entire record discloses no errors which would require a reversal by this court. The verdict and judgment of the court below are affirmed.

CROCKETT, C. J., and CALLISTER, HENRIOD and ELLETT, JJ., concur.

---

1. Section 76–1–44, U.C.A.1953; State v. Ervin, 22 Utah 2d 216, 451 P.2d 372.